Case number 12-6253, Teamsters Local Union 480 v. United Parcel Service Argument not to exceed 15 minutes per side. Ms. Cook, you may proceed for the appellant. Good morning. My name is Lisa Court. My name is Leslie Cook. I'm here today on behalf of the appellant, Teamsters Local Union 480. And I have reserved three minutes for the appellant. I hope I don't start coughing on you guys. I had cold medicine this morning and I'm a little worried. But essentially the question for the court in this matter is whether a settlement of agreements under the terms of the Collette Department and agreement between parties is finally binding under federal labor policy. Which, when the district court looked at it, seemed to agree that State Circuit precedent supports that a final binding settlement agreement is enforceable in federal courts. But then held that under the terms of the Collette Department agreement, there was some difference between a decision and a settlement of agreements. Given that federal labor policy is to promote industrial peace and effectuate the party's intent, and not simply arbitration, but the adjustment of the grievances and the differences by the means elected by the parties, it's very important that when the parties are able to come to an agreement short of arbitration, and the Collette Department agreement states that conclusions below the arbitration level are also finally binding, that that settlement should also be enforceable. Although the settlement was not only short of arbitration, it was short of any of the formal decisional steps. That is, am I right, even in the first one there wasn't a steward management decision? Well, it's kind of an odd situation in this case because it's a number of grievances, so they would have been at different stages of the proceedings. Is there anything in the record about that? Perhaps I'm wrong, but as I read it, you have, tell me if this is fair, you have a general area of controversy about these shifters. That would be correct. And there had been some grievances out there, and they made this agreement to try to settle some of this area, and even had a list that said you will withdraw certain grievances, and you won't withdraw some other grievances, and you may even change your mind because you might change the list on Exhibit D. That is correct about the list on Exhibit D. But there's no indication that any of those grievances, that you were settling the grievance in terms of this settler's X and Y agreement. Well. Is that also fair? I mean, it doesn't say this is a resolution of grievance X and Y. I suppose that's technically true. I guess the issue here, obviously, your side is the one that thinks it's agreed, but I, from a sort of policy point of view, if it were the other way around, and if they thought that the union had violated the agreement, you'd probably want them to go to arbitration first before they could call you into court. Whitney? I don't know, because it hasn't come up. All right. Let me ask you this. If you had wanted, if the union had wanted the settlement agreement to be judicially enforceable, couldn't you have included language saying that? And I'm looking at this, our case of consolidated coal. Yes. And it says, quote, this was part of the collective bargaining agreement. Settlements reached at any step of the grievance procedure shall be final and binding and shall not be subject to further proceedings under this article except by mutual agreement. You could have had language like that in your settlement agreement. But you don't. That is very true. And. That is bad draftsmanship if that's what the teamsters had wanted. I think perhaps the next time anything gets settled there, they may want to negotiate. That would make it interesting, because then you'd be behind the veil of ignorance as to which one of you might later want to settle it. Because the underlying justification for arbitration is whether the grievance affects or rises out of all this language out of the collective bargaining agreement. And obviously this area of controversy is part of the collective bargaining agreement. If you end up having to go to arbitration, everybody's going to look at the agreement and how the agreement follows from the collective bargaining agreement. Yes. Is that a fair statement? I think that it's important. I just realized when you were asking about it that it's not very clear in the settlement agreement that maybe we should have attached something like this big or something. This is a very large number of grievances. I looked at the record for that quote Exhibit D and I couldn't find it. Am I right? It's not in the record. I believe you are right. Yes. Am I right that the collective bargaining agreement doesn't say anywhere that settlement agreements are final and binding, where it does say decisions are final and binding? It doesn't specifically say settlement agreement, but the language in the grievance procedure section of the collective bargaining agreement really suggests in several places. It says, for example, if the parties fail to reach a decision or agree upon a settlement at one point, that's where it would go from the union and employer level to the grievance panel level. It says decisions reach at each step of the grievance procedure, including the supervisor-steward level, which is the lowest level, shall be final and binding. It doesn't say settlements. It says decisions reach, which pretty clearly to me at least implies it's a decision that's reached by the authorized group, right? You've got the supervisor-steward and then you've got a higher level and then you've got the highest level. And that didn't happen here. Well, the only way that a decision is going to really be made at those levels, the union brings the grievance and then the company sort of gives a response. Now, if the union doesn't like the company's response, of course, they're going to go on to the next level. So the only way you're going to have a final decision at those lower levels really is for the parties to come to an agreement. Is that the only way you're going to have? I mean, supervisor-steward, again, that's something that's formalized. Would it not, as I understand the procedure and you're the labor lawyers, that the supervisor-steward, they are supposed to actually either sit down or by exchange in favor do something. And if they resolve it, they resolve it by signing something, right? Supervisor-steward level. And that then would be final and binding. So in a sense, you could have also formalized this. You could have formalized all those grievances in the same way, saying we are at the supervisor-steward level and you've got to sit down and call it final and binding. All right. But I guess the problem here is that, as I was saying, some of these were at the very early, like, supervisor-steward level. Some of them were farther along at the panel level, and they were all just handled sort of en masse. Okay. I mean, I appreciate your statement on not disagreeing with you, but that's not in the record. Tell me this. Can you cite us any case that holds that a settlement agreement by the parties is, in effect, a decision under the terms of the collective bargaining? It could then be, if it's a decision, then it could be final and binding, which is based on the language of Judge Bobas's court. But is there any case you can cite that holds that? I have not seen anything that specifically says a settlement agreement is a decision. Okay. I haven't either. Yeah. Well, that's sort of a weakness in your case. It seems like it's sort of a mutual decision of the parties to settle the agreements. It seems. There's a certain logic to it. You just want us to be the first case court to say that, huh? Well, that would be nice. That would be nice. But, essentially, there's… Is there any dispute between the parties as to whether UPS has, in fact, reached the settlement agreement? Is that a disputed issue, or do both of you acknowledge there's been a breach? What's the status of that? To the best of my knowledge, I'm assuming UPS is claiming they're not in breach of the settlement agreement, but I don't. Well, does that have to be… If this were a matter that could be decided pursuant to a declarative judgment action, I guess that would be addressed as a problem of that loss of whether, in fact, there has been a breach. I mean, it's not like you would file a declarative judgment action and it's kind of a jurisdiction exists. You then remove the judgment. You're asking to initiate litigation, essentially. And there are issues, in fact, pertaining to whether there was a violation of the settlement agreement that would have to be addressed. The same kind of things that would be taken up normally in arbitration. Is that right? That may be. The terms of the settlement agreement are obviously fairly simple. We're just really seeking to have the court order them to comply with those terms that they agreed to. Again, contracts have all levels of specificity, but in reading this agreement, parts of it certainly seem like things that you might find generically in a CBA about how you bid. It has some dates in it that are different, but don't they say how you allocate work opportunities, how things are posted, that sort of thing? That's correct. Those would be in a CBA sometime. In fact, it might be in a disagreement. If you've been happy with it, it might have been incorporated into the next CBA, but I take it there's still a controversy. There is very definitely an ongoing controversy between these parties. All right. You have your time to reply. Thank you. My name is Waverly Crenshaw here on behalf of UPS. The issue has been framed. This is an appeal about a disagreement over settlement of some labor grievances arising out of the collective bargaining agreement. And the question is, is that disagreement to be decided through the agreed procedure in the CBA, or can you just go directly to court? The district court said you have to use the agreed procedure in the CBA and not go directly to court. It lacks subject matter jurisdiction and dismissed the case. Let me ask, is this really a case about lack of subject matter jurisdiction? Are you claiming we don't have subject matter jurisdiction, or are you just claiming it's like a 12 v. 6 that fails your stated claim by the union because they didn't exhaust the agreement? It is the latter, Your Honor. Clearly, this court has jurisdiction to decide its jurisdiction. And the district court dismissed it for one jurisdiction. We believe for three good reasons. You can't go through the grievance procedure in the CBA. First of all, the dispute here, the disagreement about the settlement agreement, is covered within the definition of grievance. It's a very broad definition in the CBA. Number two, the CBA defines how a grievance is then to be resolved. And it is a multi-step process that ends in final and binding arbitration subject to judicial review. But then third, the grievance procedure should be followed because that's really the national labor policy in the Labor Management Relations Act, the decisions of the Supreme Court, in fact, this court. Well, the parties could contractually agree to conclude the arbitration if they saw fit to do so with the settlement agreement if that were the parties' decision. There's nothing in the labor policy that prevents the parties from doing that. No, exactly, Judge Clay. The policy is you do want to effectuate the agreed means to resolve disputes that the parties have agreed on. And they could have agreed, as you said, that this settlement agreement will constitute, I guess, really a final and binding agreement sufficient for arbitration. But that did not happen here. Let me ask you this. What part of the collective binding agreement or where in the collective binding agreement is there any reference to the settlement agreement or the procedure that culminated in the entering into this settlement agreement that we're concerned about here? And I noticed that the parties did not provide us with the entire collective binding agreement, which I found baffling. But the parties say that you need to see the rest of it. But where in the agreement or where is the reference that pertains to the step, the procedure that goes down here in the parties entering into this settlement agreement? Your Honor, the complaint brought by 480 only attached Article 51 on agreements. And you just didn't supplement that when it moved for dismissal. So you're right. That agreement's not before you. All that's before us is Article 51. And I think it's been pointed out by Judge Box, it does allow at various stages for the parties to talk and try to resolve agreements by agreement. It is not clear, Your Honor, in this record at what point all of these grievances are. I think it's pointed out there were a multitude of grievances all around an issue regarding these shifters and what their work requirements were under the CDA. And it all got resolved in Exhibit B, which is attached, which is only one part of the overall agreement. But am I right that there is not – I mean, there's definitely not in anything given to us a section that talks about settlements that says there shall – settlement agreements shall be certain things. Is there anything else in the agreement about it? Your Honor, it's – The only time I found the word settle or settlement has to do with the grievance cannot be satisfactorily settled by an action of an arbitration of the panel or the SRIG. In other words, it's all settled by an actual settlement. And then it is settled when everybody agrees to stop the procedure. That was in Section 3, page 203. Is there anything else in the agreement about settlements? I think on page 201, it goes through the process, the multistep process for the grievance, which starts with the shop steward. And it says the shop steward, in writing, shall attempt to adjust the matter. And that's where the parties get together and attempt to adjust that particular grievance before it's put in writing. Then the next step, it's put in writing. And number two, it says, again, they meet and they attempt to adjust. We would submit both of – that wording suggests the parties are going to talk about settlement. Then in number three, it says if the parties fail to reach a decision or agree upon a settlement of the matter, then it goes to the SPRG, which is essentially the panel where both the union and UPS get together and decide. So it's a panel decision. So, Your Honor, reference to a settlement is made there. And that is antecedent to places that talk about final and binding. Correct. That's correct. And that is absolutely correct because in the final and binding language, it's used for the panel decisions. On page 202, the decision of a majority of the panel in the case shall be binding on all the parties. And decisions reached at each step of the grievance procedure, including the supervisor steward level, shall be final and binding. So if any one of those steps prior to arbitration, they reach a decision on that grievance, which while not in the record, this court knows there's a multitude of labor management disputes, local disputes that happen every day. You've got to have that in place so every decision doesn't – the parties are encouraged to resolve those decisions. Let me ask you about – are you familiar with this case of ours called Baker's Union Factory No. 326 v. Commonwealth Baking Company? Indeed, Your Honor. I think that that's helpful here in the court crafting the decision. Well, why is it that case controlling? I mean, that was a case where the union and the employer and employee entered into a settlement agreement. And then the parties agreed to pursue grievance, but there was an alleged breach of the settlement agreement. And the arbitrator didn't go by – wouldn't abide by the settlement agreement. This court reversed it. Look, that settlement agreement was enforceable in federal court, so it's going to be enforceable against the arbitrator.  Now, if – I gather the whole thing of that case was that the settlement by the parties was binding – you know, was enforceable in the court. And that didn't have any magic like the explicit language of settlements are final and binding and, you know, therefore enforceable. So why aren't we bound by that case of, you know, the Baker's Union case? Well, I think the Baker's Union case isn't directly on point here because there was no – it did go through the arbitration process, which is what UPS is asking the court to do. Well, apparently that's – apparently I get the impression from that case that the parties actually just mutually agreed to do that. But I got the impression they didn't have to because the court was saying the settlement agreement was judicially enforceable. And that's why the arbitrator was bound by it. If even one had wanted to, they could have gone for it. Well, I do think the Baker's Union case goes through an analysis that's helpful to the court here in crafting the decision. I don't think the Baker's Union case is a license. And, in fact, it says – I believe next to the last paragraph – let us be explicit here. This is not a license for bypassing the arbitration procedures and collective bargaining agreements. The Baker's Union case, they did go through the arbitration procedure. He notes those settlement agreements that say, by consolidated code, they are final and binding. And the Baker's Union panel notes when those settlement agreements are not final and binding in their analysis moving toward the real issue there, and that's whether or not the arbitrator was bound by the settlement agreement, which is the position UPS has here. We say the union has to use the read-upon procedure in the CPA to resolve this grievance, which is their obligation. Would you agree that when this goes to the arbitrator, the arbitrator is going to be bound to apply fairly and bind both sides to the settlement agreement? Just – and I think that's the lesson of Baker's Union. Baker's Union then cites the dial-chemical case, which we believe comes closer to being on point. The district court also recognized that. And that is our case. Dial-chemical case dismissed. No subject matter jurisdiction because they had not exhausted the internal grievance procedure in a dispute that was clearly operable under the collective bargaining agreement. Go and do that first, and then you come to court, which promotes, we believe, the national labor policy of the voluntary resolution of these labor disputes through the means selected by the parties in the particular collective bargaining agreement. So Baker's Union, we don't believe, Judge Gilman, is dispositive of the issue. Dial-chemical comes closer to being dispositive of it. But that case, a dial-chemical, along with the third circuit case cited in there, Cohen, all sort of point out the importance of looking at whether or not the particular issue, the challenge, the dispute about the settlement agreement, is in itself operable, which is the lesson for Baker's Union. And that an issue, really, for Baker's Union. So then, you know, if you follow your logic, what you're arguing is that if this went to arbitration, the only thing the arbitrator is supposed to do is to enforce the settlement agreement, nothing else, if I followed your logic here. Is that right? I think that's the lesson of Baker's Union, that just as in Baker's Union, that the arbitrator, you go back and you determine this dispute, this controversy, which is clearly covered under the CBA. But you don't… If that's the only thing the arbitrator's going to do, what's the need of going to the arbitrator? The court could reduce the settlement agreement to judgment and have it enforced. So then what are we talking about? When you entered into the settlement agreement, you were in the middle of a grievance arbitration procedure, and you short-circuited that with the settlement. Now, to go back to the grievance procedure arbitration process again, it sounds as though you'd be going in circles. Well, we haven't gone back to the grievance process on the claim that the settlement agreement has been breached. The settlement agreement was produced out of the initial series of grievances where the CBA, this court, Supreme Court, the labor match policy encourages the parties, y'all get together and discuss this and reach a settlement. They did do that here, and that's the claim that's before the court now, and that's the claim about the settlement agreement. I take it that the settlement agreement in a certain sense is in the nature of an amendment or interpretation of the CBA, and now you're disputing that interpretation. And that is correct, Your Honor, and that's precisely the issue before the arbitrator. The arbitrator is to look at the CBA, the negotiations, the practices of the parties, and then say, has there been a breach of the settlement agreement, and make a determination on that. And respectfully, Your Honor, and the teachings of the cases are, the parties have negotiated and consented to the method about how this dispute is to be resolved, and that just can't be ignored. The parties have said in the CBA, if there is a grievance, this is the way it should be resolved, and it's not by coming into court. The fear here, with a contrary decision, is that this court and other courts are just going to become enmeshed in local labor disputes, because there are so many of them. If you encourage a breach of a settlement agreement, and say, you can run the federal court, then I think, as the Honorable Audit Board noted in the chapter just last year, the number of matters that are kind of coming from this court are going to require a lot more attention, if that's the case. So, initially, the question would be, will these kind of settlements be entered into if one side or both sides knows that they can get hauled into court before going through the labor peace process of arbitration? And depending on the issue, Your Honor, they may or they may not, but that's not our labor policy as established by Congress in the Labor Management Relation Act, or even the deference. Well, if parties are able to do that, as you said, if parties want to say this is final and binding, then they know they're going to court, right? That's correct. And that did not happen here. There's no dispute it didn't happen. The very complaint that brings us here doesn't describe this as final and binding or an agreed decision. It says it was a settlement, and there's no suggestion of a settlement. Why shouldn't we consider the settlement agreement a court decision? I'm sorry, what? Why should we not consider the settlement agreement a decision? Your Honor, it's a settlement, respectfully, a settlement and a decision are two very different things. Do you have a case that you can cite here that says that? Actually, there is a, I didn't cite it in the papers here, but there is a 2012 Rhode Island trial court opinion that cites COVID and cites this stream of cases and makes quite an analysis that a decision and a settlement are two different things altogether. One being, you know, the parties take their chances and let the decision maker make that decision. The second being when parties give up something. So, I think on its face here, and even in the plea that's before the court, in all that's before the court, there's no suggestion here that this settlement was in any way some type of agreed decision. Indeed, it was the opposite. It says it was negotiated between the parties for this complaint. It became a settlement, and that's the language used here. Your Honor, is it a Rhode Island district court case? It's not even that, Your Honor, and again, we didn't cite it as a trial, a state trial. What is it? A Rhode Island state trial court decision. A state trial court, going lower and lower all the time. And that's why I did not bring it before you, Your Honor. Even in a small state. At 201, it does use the terms together. If the parties fail to reach a decision or agree upon a settlement, which implies that those are two different things. And that's the language that's, Article 51 is the language before Your Honor today. Thank you, Your Honor. Your time has expired. Thank you, Your Honor. Thank you. You have three minutes for rebuttal. The first thing that I would like to make clear is that the Dow Chemical decision does not actually give any indication that the collective bargaining agreement in that matter indicated that the conclusion of agreements at a step prior to arbitration would be final and binding, where the collective bargaining language in this case does. So I think Dow Chemical can easily be distinguished. And in disagreement with your correctness of prior to arbitration, but the only levels that I saw, it refers to a decision of the majority of the panel or a decision at each step shall be final and binding. And I had just pointed out that other language on page 201, if the parties fail to reach a decision or agree upon a settlement. And doesn't that indicate that in general those are two different things? It depends on how you read it, Judge Boggs. It could be that they're just using two ways of expressing the concept, reach a decision or agree upon a settlement, as in multiple, to make it more clear what they're talking about. Like I give devise and bequeath? Yes. It's got a big or, not an and, like devise or bequeath. It's good. OK. But that's a fair question. But I think if the settlement of grievances doesn't have the type of finality to it that an arbitration does, and then one of the parties breaches the settlement, and then you have to get back on the merry-go-round and go through the grievance process again. And then they'll probably try to settle it again. And we'll go through the whole thing again. And it's like, how many times does Charlie Brown kick the football when Lucy's standing there holding it? The union really likes finality in this matter. Well, they do. They could have had it if they just put a magic sentence in there, right? It expressly says that the settlement should be final and binding. That would have made things considerably more clear. But I believe the language of the contract does suggest that the settlement should be final and binding. Thank you. OK. Thank you, counsel. That case will be submitted.